IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARNOLD RICK LOPEZ,

    Plaintiff,        No. CIV S-09-1760 MCE GGH P

  vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.      <u>ORDER</u>

_____/

    Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    The court will find that plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).[1]  Accordingly, the request to proceed in forma

---

[1] Plaintiff, who filed his complaint on June 25, 2009, without either an in forma pauperis affidavit or the filing fee, was directed, by an <u>Order</u>, filed on July 10, 2009, either to submit an appropriate affidavit or pay the filing fee.  In a "notice" filed on August 10, 2009, plaintiff describes his apparently futile efforts to obtain a copy of his prison trust account from prison officials, averring that they have hindered his ability to support his in forma pauperis application.  In this instance, the court will not invoke the All Writs Act, 28 U.S.C. § 1651(a), which permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law."  <u>See</u> generally <u>S.E.C. v. G.C. George Securities, Inc.</u>, 637 F.2d 685 (9th Cir. 1981); <u>United States v. New York Telephone Co.</u>, 434 U.S. 159 (1977).  Instead, in order that the screening of this action not be further delayed, the undersigned will find that plaintiff pro se has made an adequate

1

1   pauperis will be granted.

2           Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

3   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has evidently been without funds for six months and is

4   currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28

5   U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the

6   preceding month's income credited to plaintiff's prison trust account.  These payments shall be

7   collected and forwarded by the appropriate agency to the Clerk of the Court each time the

8   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

9   § 1915(b)(2).

10          The court is required to screen complaints brought by prisoners seeking relief

11  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

12  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

13  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

14  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

15  U.S.C. § 1915A(b)(1),(2).

16          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

17  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

18  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

19  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

20  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

21  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

22  Cir. 1989); Franklin, 745 F.2d at 1227.

23  _____

24  showing in support of his request.  Under penalty of perjury, plaintiff indicates that within the last
    twelve months he received a settlement arising from a § 1983 action in the amount of $5,150.00,
25  which funds he transferred to his siblings for expenses associated with his mother's funeral,
    maintaining that he has no money in his prison trust account nor has he had within the last six
26  months.  See docket # 5.

1          A complaint must contain more than a "formulaic recitation of the elements of a

2   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

3   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

4   "The pleading must contain something more...than...a statement of facts that merely creates a

5   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

6   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

7   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

8   v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at

9   570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content

10  that allows the court to draw the reasonable inference that the defendant is liable for the

11  misconduct alleged."  Id.

12          In reviewing a complaint under this standard, the court must accept as true the

13  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

14  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

15  and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

16  1843 (1969).

17          Plaintiff names nearly 30 defendants, including Governor Schwarzenegger,

18  CDCR[2] Secretary Matthew Cate and Kings County Superior Court Judge Peter Schultz, in wide-

19  ranging allegations that apparently cover a period from February, 2000, through April of 2009, at

20  least some of which have apparently been the subject of earlier actions brought by plaintiff,

21  although that is not clear.  Plaintiff begins with an elaborate detailing of the state prison

22  procedures required for an inmate to be validated as a gang member, associate or affiliate.

23  Complaint, pp. 5-7.  Plaintiff then traces back to his February 2, 2000, placement in segregation

24  at High Desert State Prison (HDSP), after which he was validated as a member of the Northern

25

26          [2]  California Department of Corrections.

3

Structure prison gang and sent to the security housing unit (SHU), all in the absence of procedural due process protections to which he believes he was entitled. Id., at 8. Plaintiff maintains he has been segregated as an improperly validated prison gang member since February of 2000. Id., at 7. Apparently, in December of 2004, a classification staff representative pointed out the deficiencies of the support for plaintiff's SHU term because the gang validation requirements were not met. Id. Nevertheless, in 2005, plaintiff was once again allegedly deprived of due process, and in retaliation CDC 128b chronos apparently indicating the deficiencies were replaced by fraudulent ones. Id., at 9.

June 8, 2006 marked six years from the date of the last evidence relied on to validate plaintiff as a gang member, at which point plaintiff maintains that he was entitled to be classified as "inactive." Complaint, p. 9. Nevertheless, following an October 19, 2006, classification hearing wherein plaintiff fruitlessly sought once again to enter hand-written objections as he had at prior hearings, plaintiff was ultimately validated as an active gang member based on an unreliable confidential memorandum dated June 8, 2006. Id., at 10-12.

Plaintiff goes on to set forth his efforts to rectify what he believes to be the defects in the determination of prison staff/officials that he is an active gang member, including having filed a habeas corpus petition in state court, challenging the matters related to his being denied inactive review for another six years in 2007. Complaint, pp. 12-15. Plaintiff seeks to implicate Judge Schultz for alleged violations of due process and equal protection when the judge required plaintiff to once again exhaust administrative remedies and ordered a rebuttal argument in writing and declaring that failure to provide one would be deemed a waiver. Id., at 14-15, 22-23. Plaintiff drifts far afield to also allege, inter alia, that defendant Correctional Officer (C/O) Yanat wrongly shut down law library access on April 20, 2005. Id., at 16. Plaintiff then goes on to allege that he was issued a false CDC-115 by defendant Yanat after plaintiff submitted an April 21, 2005, grievance regarding the law library shut down on the previous day. Id., at 17, 23. Plaintiff alleges deprivation of due process regarding the prison disciplinary hearing procedures.

4

1   Id., at 17-18.

2          Plaintiff's complaint will be dismissed with leave to amend for several reasons.

3   In the first place, plaintiff's complaint violates Fed. R. Civ. P. 8(a)(2), which requires a short and

4   plain statement of the claim showing entitlement to relief.  Rule 8 requires "sufficient allegations

5   to put defendants fairly on notice of the claims against them."  McKeever v. Block, 932 F.2d 795,

6   798 (9th Cir. 1991).   The complaint in this action illustrates the "unfair burdens" imposed by

7   complaints, "prolix in evidentiary detail, yet without simplicity, conciseness and clarity" which

8   "fail to perform the essential functions of a complaint."  McHenry v. Renne, 84 F.3d 1172, 1179-

9   80 (9th Cir. 1996).  Moreover, in asserting his multiple, often unrelated, claims against different

10  defendants, plaintiff presents the kind of "mishmash of a complaint" that has been roundly

11  repudiated.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims against

12  different defendants belong in different suits").  In addition it is unclear to the court to what

13  extent plaintiff's allegations herein may be duplicative of prior actions plaintiff has filed.

14          As important, plaintiff does not on the face of it raise a federal constitutional

15  claim simply by alleging that he has been mis-classified by prison authorities as an active gang

16  member or by alleging that he has been deprived of due process protections in that context.  In a

17  § 1983 action wherein another inmate claimed that he was denied due process because prison

18  staff did not have the three pieces of evidence required by state prison regulations to validate him

19  as a gang associate, the district court stated:

20          Although the CDC's regulations may require that three pieces of
            evidence support a gang validation decision, due process requires
21          only that there be "some evidence" in the record to support the
            findings of a prison board's decision to place an inmate in
22          segregation for administrative reasons such as gang affiliation. See
            Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768, 86
23          L.Ed.2d 356 (1985); Toussaint v. McCarthy, 801 F.2d 1080, 1105
            (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987).

24

25  Verwolf v. Hamlet, 2003 WL 22159055 * 2 (N.D. Cal. 2003).

26  \\\\\

Plaintiff's insistence within the instant complaint that he has been deprived of due process because the defendant officials have failed to conform to state prison regulations in identifying him as an active gang member is insufficient to state a colorable federal claim. Plaintiff must at a minimum allege, in any amended complaint, that there is not "some evidence" which supports such a determination.

To the extent that plaintiff seeks money damages for an alleged lack of due process at a prison disciplinary hearing, plaintiff's claims may be barred.  In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages.  Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure").  Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody.  The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed.  Id.

In Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997), the Supreme Court held that Heck applies to challenges to prison disciplinary hearings when the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment.

1   Edwards rejected the Ninth Circuit's holding in Gotcher v. Wood, 66 F.3d 1097, 1099 (9th Cir.

2   1995) that a claim challenging only the procedures employed in a disciplinary hearing is not

3   barred by Heck.  Plaintiff does not make clear that the 2005 prison disciplinary action, or any

4   other he references, has been reversed or otherwise invalidated.  In addition, to the extent that

5   plaintiff claims any memorandum or disciplinary report has been fabricated against him, plaintiff

6   should be aware that:

> A prisoner has no constitutionally guaranteed immunity from being
> falsely or wrongly accused of conduct which may result in the
> deprivation of a protected liberty interest. See Freeman v. Rideout,
> 808 F.2d 949, 951 (2d Cir.1986), cert. denied, 485 U.S. 982, 108
> S.Ct. 1273, 99 L.Ed.2d 484 (1988). As long as a prisoner is
> afforded procedural due process in the disciplinary hearing,
> allegations of a fabricated charge fail to state a claim under § 1983.
> See id. at 951-53; Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th
> Cir.1984).

12   Verwolf, supra, at * 3.

13        Plaintiff's allegations will be dismissed, as noted above, with leave to amend.

14   However, in amending, plaintiff is cautioned not to attempt to once again string together

15   unrelated allegations of separate incidents in the instant action.

16        As to plaintiff's claims of retaliation, inmates have a right to be free from the

17   filing of false disciplinary charges in retaliation for the exercise of constitutionally protected

18   rights.  Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Schroeder v. McDonald, 55 F.3d 454,

19   461 (9th Cir. 1995); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).  The Ninth Circuit

20   treats the right to file a prison grievance as a constitutionally protected First Amendment right.

21   Hines v. Gomez, 108 F.3d 265 (9th Cir. 1997); see also Hines v. Gomez, 853 F. Supp. 329 (N.D.

22   Cal. 1994) (finding that the right to utilize a prison grievance procedure is a constitutionally

23   protected right, cited with approval in Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995));

24   Graham v. Henderson, 89 F.3d 75 (2nd Cir. 1996) (retaliation for pursing a grievance violates the

25   right to petition government for redress of grievances as guaranteed by the First and Fourteenth

26   Amendments); Jones v. Coughlin, 45 F.3d 677, 679-80 (2nd Cir. 1995) (right not to be subjected

to false misconduct charges as retaliation for filing prison grievance); Sprouse v. Babcock, 870

F.2d 450, 452 (8th Cir. 1989) (filing disciplinary actionable if done in retaliation for filing inmate

grievances); Franco v. Kelly, 854 F.2d 584, 589 (2nd Cir. 1988) ("Intentional obstruction of a

prisoner's right to seek redress of grievances is precisely the sort of oppression that section 1983

is intended to remedy" (alterations and citation omitted)); Cale v. Johnson, 861 F.2d 943 (6th

Cir. 1988) (false disciplinary filed in retaliation for complaint about food actionable).

    In order to state a retaliation claim, a plaintiff must plead facts which suggest that

retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor

behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th

Cir. 1989). The plaintiff must also plead facts which suggest an absence of legitimate

correctional goals for the conduct he contends was retaliatory. Pratt at 806 (citing Rizzo at 532).

Verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d

136, 139 (9th Cir. 1987). However, even threats of bodily injury are insufficient to state a claim,

because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810

F.2d 923, 925 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a

prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's

constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990).

    This is not to say that a vexatious grievance filer can never be punished.

Vexatious litigants may be the subject of court discipline, and the undersigned would find it

incongruous that while the courts can punish vexatious filings, prison officials may not. Indeed,

the right to petition for grievances is not absolutely protected; such a right has no greater

protection than speech in general. Rendish v. City of Tacoma, 123 F.3d 1216 (9th Cir. 1997). In

the prison context, one's free speech rights are more constricted from what they would be on the

outside. O'Lone v. Estate of Shabazz, 482 U.S. 342, 107 S. Ct. 2400 (1987). Again, plaintiff

must show that the actions or omissions constituting the "retaliation" served no legitimate

penological goal.

1    As to his general and conclusory allegations with regard to

2  defendants Schwarzenegger and Cate, plaintiff is informed that the Civil Rights Act under which

3  this action was filed provides as follows:

4         Every person who, under color of [state law] . . . subjects, or causes
          to be subjected, any citizen of the United States . . . to the
5         deprivation of any rights, privileges, or immunities secured by the
          Constitution . . . shall be liable to the party injured in an action at
6         law, suit in equity, or other proper proceeding for redress.

7  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

8  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

9  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

10  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

11  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

12  omits to perform an act which he is legally required to do that causes the deprivation of which

13  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

14    Moreover, supervisory personnel are generally not liable under § 1983 for the

15  actions of their employees under a theory of respondeat superior and, therefore, when a named

16  defendant holds a supervisorial position, the causal link between him and the claimed

17  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

18  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

19  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

20  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

21  Cir. 1982).   These defendants are dismissed on that separate ground as well, to the extent that

22  plaintiff seeks money damages.

23    To the degree that plaintiff seeks prospective injunctive relief, however, just as it

24  is not necessary to allege Monell[3] policy grounds when suing a state or municipal official in his

25

26    [3]  Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).

9

1   or her official capacity for injunctive relief related to a procedure of a state entity, <u>Chaloux v.</u>

2   <u>Killeen</u>, 886 F.2d 247 (9th Cir. 1989), it follows that it is not necessary to allege the personal

3   involvement of a state official when plaintiffs are attacking a state procedure on federal grounds

4   that relates in some way to the job duties of the named defendant.  All that is required is that the

5   complaint name an official who could appropriately respond to a court order on injunctive relief

6   should one ever be issued.  <u>Harrington v. Grayson</u>, 764 F. Supp. 464, 475-477 (E.D. Mich.

7   1991); <u>Malik v. Tanner</u>, 697 F. Supp. 1294, 1304 (S.D.N.Y. 1988).  ("Furthermore, a claim for

8   injunctive relief, as opposed to monetary relief, may be made on a theory of <u>respondeat superior</u>

9   in a § 1983 action."); <u>Fox Valley Reproductive Health Care v. Arft</u>, 454 F. Supp. 784, 786 (E.D.

10  Wis. 1978).  <u>See also</u>, <u>Hoptowit v. Spellman</u>, 753 F.2d 779 (9th Cir. 1985), permitting an

11  injunctive relief suit to continue against an official's successors despite objection that the

12  successors had not personally engaged in the same practice that had led to the suit.  However,

13  because a suit against an official in his or her official capacity is a suit against the state, a

14  practice, policy or procedure of the state must be at issue in a claim for official capacity

15  injunctive relief.  <u>Haber v. Melo</u>, 502 U.S. 21, 25, 112 S. Ct. 358, 361-62 (1991).  In any

16  amended complaint, plaintiff must allege the unconstitutionality of a state policy or procedure.

17  In doing so, he need name only one official, such as the warden or Secretary Cate as a defendant,

18  as the individual who could respond appropriately to any order of the court regarding injunctive

19  relief, and he need not seek to proceed against the governor.

20          As to naming Judge Schultz as a defendant, the Supreme Court has held that

21  judges acting within the course and scope of their judicial duties are absolutely immune from

22  liability for damages under § 1983.  <u>Pierson v. Ray</u>, 386 U.S. 547 (1967).  A judge is "subject to

23  liability only when he has acted in the 'clear absence of all jurisdiction.'"  <u>Stump v. Sparkman</u>,

24  435 U.S. 349, 356-7 (1978), <u>quoting</u> <u>Bradley v. Fisher</u>, 13 Wall. 335, 351 (1872).  A judge's

25  jurisdiction is quite broad.  The two-part test of <u>Stump v. Sparkman</u> determines its scope:

26  \\\\\

The relevant cases demonstrates that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity.

Id. at 361.

Plaintiff seeks to proceed against this defendant for actions, as set forth above, that occurred entirely within the course and scope of the judge's judicial duties; therefore, he is absolutely immune from damages.  Defendant Schultz is dismissed on that separate and additional basis from this action.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

\\\\\

1         In accordance with the above, IT IS HEREBY ORDERED that:

2         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

3         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

4    The fee shall be collected and paid in accordance with this court's order to the Director of the

5    California Department of Corrections and Rehabilitation filed concurrently herewith.

6         3.  The complaint is dismissed for the reasons discussed above, with leave to file

7    an amended complaint within thirty days from the date of service of this order.  Failure to file an

8    amended complaint will result in a recommendation that the action be dismissed.

9    DATED: October 5, 2009

10

11            /s/ Gregory G. Hollows

12            GREGORY G. HOLLOWS
              UNITED STATES MAGISTRATE JUDGE

13   GGH:009
     lope1760.bnf

14

15

16

17

18

19

20

21

22

23

24

25

26