IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW RICK LOPEZ,

    Plaintiff,                              No. CIV S-09-1760 MCE GGH P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.                       <u>ORDER</u>

                                    /

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has filed another motion for a default judgment.[1] This matter was fully addressed in the Order & Findings and Recommendations, filed on July 5, 2011, will not be further addressed herein, and will be denied at this time as both duplicative and lacking foundation.[2]

        Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent

---

[1] Defendants filed an opposition pointing out that the court has previously addressed plaintiff's argument in his prior request for a judgment of default as to the same defendants. See Docket # 80.

[2] It appears that plaintiff filed the motion, which is docketed as filed on July 22, 2011, prior to having received the court's July 5, 2011 adjudication of, inter alia, his prior motion, which he avers that he did not receive until July 27, 2011 (see below).

1

prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances because plaintiff has addressed, inter alia, various defendants' motions to dismiss and has exhibited enough knowledge of his case such that counsel is not warranted. Plaintiff's request for the appointment of counsel will therefore be denied.

Plaintiff has also requested an extension of time referencing deadlines in the July 5, 2011, Order & Findings and Recommendations. Plaintiff declares in support of his motion that he did not receive the Order and Findings and Recommendations (OFR) until July 27, 2011. See Docket # 82. In a statement of non-opposition to plaintiff's motion (see docket # 83), defendants point out that plaintiff failed to indicate the length of the time extension he sought. The court in the July 5, 2011 OFR, as defendants' note, gave the parties fourteen days to file objections to the findings and recommendations and granted plaintiff twenty-eight days to amend claims two and six (to meet the pleading requirements of the California Government Claims Act). See OFR at Docket # 75, pp. 18-19. Defendants do not object to extensions of time commensurate with those provided in the original OFR. Good cause appearing, the request will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a default judgment, filed on July 22, 2011 (Docket No. 77), is denied as duplicative and ill-founded;

2. Plaintiff's August 1, 2011 request for the appointment of counsel (in Docket No. 82) is denied;

3. Plaintiff's August 1, 2011 motion for an extension of time (Docket No. 82) is granted as set forth herein; and

4. Plaintiff is granted fourteen days from the date of this order in which to file objections to the July 5, 2011 findings and recommendations, and twenty-eight days from the date of this order to file a second amended complaint. There will be no further extension of time.

DATED: August 8, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009/md
lope1760.31+36