IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW RICK LOPEZ,

    Plaintiff,               No. CIV S-09-1760 MCE GGH P

    vs.

ARNOLD SCHWARZENEGGER, et al.,    <u>ORDER</u> &

    Defendants.            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

<u>Introduction</u>

        Take multiple claims against multiple defendants, multiple motions by all parties, multiple exhaustion requirements, and add in a bit of obstinacy/defiance on the part of plaintiff, and one has the recipe for litigation chaos. This adjudication will lessen the chaos once and for all.

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court are: 1) a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed by defendants Roman and Kissel, on July 25, 2011, to which plaintiff filed his opposition on August 15, 2011, after which these defendants filed a reply on August 18, 2011; 2) plaintiff's "notice" that he was served at the wrong address and motion to strike new matter raised in defendants Roman's and Kissel's reply, filed on September 1, 2011, which these defendants

1

opposed on September 7, 2011; 3) plaintiff's requests to extend the discovery deadline, filed on October 11, 2011, and on October 31, 2011, the latter of which was opposed by defendants on December 20, 2011; 4) plaintiff's various motions for appointment of counsel, for law library access, which include, inter alia, "notices" of "third party interference" and of "corruption," filed on October 17, 2011, October 18, 2011, October 31, 2011, November 9, 2011 and November 16, 2011; 5) plaintiff's motion to serve subpoenas and for subpoena forms, filed on October 17, 2011; 6) plaintiff's "motion for order requiring defendant Cate to fire Corcoran employees obstructing access to the courts," filed on November 14, 2011, to which defendants filed their response on December 20, 2011; 7) plaintiff's "objections and formal complaint," filed on December 1, 2011, seeking rulings on his pending motions; 8) plaintiff's "notice of theft" of his legal documents by defendants, filed on December 19, 2011.

Background

       The gravamen of this action is plaintiff's allegation of being subjected to extended housing in the SHU (special/security housing unit) or Ad Seg (administrative segregation) arising from his continued validation as a prison gang member from 2003 on, predicated on allegedly inadequate and/or fraudulent supporting evidence. Plaintiff claims the gang validation SHU placement despite the lack of documentation of gang activity in his files will continue to impact him negatively with regard to parole consideration and classification score and levels as long as the placement is retained in his files. Id., at 25. First Amended Complaint (FAC), pp. 15-25 (see order & findings and recommendations, filed on July 5, 2011 (docket # 75), p. 3.

       By order, filed on September 14, 2011, Judge England adopted the findings and recommendations of the undersigned, filed on July 5, 2011. The district judge's order adopted the adjudication of three separate motions to dismiss, under Fed. R. Civ. P. 12(b)(6), and claims three and seven were dismissed outright, as a result of the motions brought by defendants Cate

\\\\\

\\\\\

(official capacity only), Garcia, Berna, Cronjeagar,[1] Gomez, Florez; Park, McClure, Russ, Williams, Burt, Fischer and Buechner.  As to claims two and six (state law claims), in the undersigned's order, filed on July 5, 2011 at p. 19 (which was included with the separate findings and recommendations previously referenced), defendants' motions to dismiss had been granted but plaintiff was therein granted leave to amend within twenty-eight days "solely to meet the pleading requirements of the California Government Claims Act...."  This was somewhat modified by Judge England's order, wherein it was set forth, that claims two and six were dismissed but that plaintiff was nevertheless "granted leave to amend solely to state how he has satisfied the pleading requirements of the California Government Claims Act with respect to these claims, citing the applicable facts and/or any circumstances precluding him from providing specific documentation of such compliance."  See Order, filed on Sept. 14, 2011, p. 2.  Although no specific deadline for the filing of any such amended complaint is therein provided, it is reasonable to construe the order as implicitly providing an additional twenty-eight days from the date of Judge England's order, for the filing of such an amended complaint, which is a very liberal extension of time from the order, filed on July 5, 2011.  In any event, plaintiff totally failed to file a second amended complaint.  Indeed, plaintiff objected to having to amend his complaint, indicating, in an untimely filing with respect to the July 5, 2011 order, that he intended to stand on the first amended complaint so that he would not lose his right to appeal the dismissal of claims and defendants, and re-hashed his argument that he did not need to plead compliance in order to proceed with claims two and six, which the court had previously comprehensively addressed.  See plaintiff's "notice of intent to stand on complaint," filed on Sept. 6, 2011.  Plaintiff's concern regarding an alleged inability to raise dismissed claims on appeal is ill-founded.  "An appeal from a final judgment draws in question all earlier, non-final

---

[1] Defendant Cronjeagar's name has been variously spelled by defendants' counsel; it appears that plaintiff's original spelling of the name is correct if defendants' counsel's latest filings are correct.

orders and rulings which produced the judgment." <u>Litchfield v. Spielberg</u>, 736 F.2d 1352, 1355 (9th Cir. 1984), citing <u>Munoz v. Small Business Administration</u>, 644 F.2d 1361, 1364 (9th Cir.1981); <u>see</u> also <u>Lovell v. Chandler</u>, 303 F.3d 1039, 1049 (9th Cir. 2002). Plaintiff did submit, however, certain documentation in what appears to have been something of an effort to demonstrate compliance with the California Government Claims Act, which will be addressed below.

<u>Motion to Dismiss</u>

The last two of the fifteen remaining defendants, Roman and Kissel, have brought their motion to dismiss under Fed. R. Civ. P. 12(b)(6), the legal standard for which was set forth in the July 5, 2011, findings and recommendations, Docket # 75, pp. 8-9, and is incorporated by reference herein. Defendant Roman contends that he should be dismissed from this case because plaintiff's claims against him are barred by the statute of limitations. MTD, Docket # 76-1, pp. 1, 3-4. In addition, as set forth in three prior separate motions to dismiss by the thirteen other defendants, defendants Roman and Kissel also seek dismissal of plaintiff's second, third and sixth claims for relief.[2] As plaintiff observes, defendants Roman and Kissel brought the pending motion to dismiss, raising precisely the same basis for the dismissal of grounds two, three and six[3] as were raised in the preceding three motions,[4] and the court incorporates by reference herein the arguments and analysis set forth in its findings and recommendations, filed on July 5, 2011.

---

[2] Claim seven was construed by the court, sua sponte, as subsumed within claim four and dismissed as duplicative. See July 5, 2011 order & findings and recommendations, pp. 17-18, 19, adopted by order, filed on Sept. 14, 2011.

[3] As the court set forth, inter alia, at docket # 75, pp. 7-8, plaintiff's second claim for relief is that his right to due process under the California constitution and specific state penal code sections were violated by defendants; his third claim for relief is that the CDCR, in willfully failing to maintain accurate records leading to adverse determinations against him by CDCR and BPH has violated a federal statute, 5 U.S.C. § 552a; his sixth claim for relief, like his second, is a claim predicated on state law – in this claim, he alleges he has been subjected to cruel or unusual conditions in violation of Art. I, Section 17 of the California constitution. FAC, pp. 32-34.

[4] See plaintiff's Opposition, dkt # 87, pp. 1-2.

Moreover, defendant Roman also raises a separate ground alleging that plaintiff is barred from proceeding on his claims against him by the statute of limitations.

As to the contention that plaintiff's claim against defendant Roman is time-barred, plaintiff alleges that his gang validation in November 2000, relied on six items: four alleged informant statements and two CDC 128 B forms based on alleged staff documentation. FAC, p. 15. The Nov. 15, 2000 128 B-2 form/report rejected four additional CDC-128 B forms as not meeting the gang validation criteria. Id. Thereafter, one of the two CDC 128 B reports found reliable in November of 2000, was stamped as also failing to meet the requisite criteria. Id. In 2003 and 2004, without notice to plaintiff, the same ten items originally submitted in 2000 were re-evaluated and plaintiff was validated as a prison gang member. Id. Defendant Roman was involved in the 2003 gang validation. Id. Plaintiff was unaware of the re-evaluations until late 2004, when non-party R. Comfort issued a CDC 128 G form refusing to approve plaintiff's SHU term based on unreliable validation documentation; he deferred the validation but approved a 60-day Ad Seg placement extension for case follow-up. Id.

Claims two, three, six [and seven]

Defendant Kissel, on June 15, 2009, was among those defendants who issued CDC 128 B-2 forms validating plaintiff as a gang member. FAC, at 22-23. These actions, purportedly, fraudulently documented the December 2008 CDC-128 B forms as supporting the unreliable confidential memorandum in violation of plaintiff's constitutional rights. Id., at 23.

Defendants Roman and Kissel filed their motion prior to Judge England's decision as to the motions to dismiss brought by the other defendants. Once a decision of law is made, it becomes the "law of the case," and absent clear error or changed circumstances should not be changed. See United States v. Estrada-Lucas, 651 F.2d 1261, 1263-64 (9th Cir.1980). The law of the case doctrine provides that "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998), quoting United States v.

5

Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted). In light of Judge England's September 14, 2011, ruling it is now the law of the case that claims three and seven have been dismissed. See Order, filed on September 14, 2011 (docket # 93). The court will not revisit the parties' arguments which have been thoroughly considered in the July 5, 2011, findings and recommendations, that have been adopted by the district judge. Furthermore, as defendants Roman and Kissel observe in their reply, plaintiff does not take issue in his opposition with the dismissal of claim three.[5] Reply, p. 2, citing Opp., p. 2. Thus, Claims three and seven (see footnote 2) are dismissed out of this litigation with respect to all defendants, including, of course, the presently moving defendants.

As to the second and sixth grounds for relief (state law claims), the undersigned has noted Judge England's modification of the order wherein plaintiff was granted leave to amend. The court made an extensive analysis in adjudicating the other defendants' motions to dismiss that plaintiff was to make a showing of fulfilling the state government claims board pleading requirement in order to proceed on claims two and six. However, rather than simply follow the court's direction to amend, plaintiff has decided to complicate matters by refusing to amend, and then filing piecemeal, supposed evidence of compliance of filing a Tort Claims (GCA) administrative claim. However, the administrative claim(s) do not identify any of the defendants in this action, and raise more questions about the timeliness of such an administrative claim than they resolve. See exhibits to docket # 87, filed on August 15, 2011, to the pending motion to dismiss as brought by defendants Roman and Kissel, as well as docket # 100, filed on October 18, 2011, with regard to having filed a state Government Claims Board Claim.

Plaintiff was told to amend his complaint with respect to Claims two and six because the law *requires* that compliance with the Tort Claim Act (GCA) be pled as an element of the cause of action.

---

[5] As noted earlier, the dismissal of claim seven was a sua sponte dismissal on the basis it was duplicative of claim four, not at issue here.

6

> The timely filing of a claim is an essential element
> of a cause of action against a public entity and
> failure to allege compliance with the claims statute
> renders the complaint subject to a general demurrer.

Wood v. Riverside Gen. Hosp., 25 Cal. App. 4th 1113, 1119 (1994). The same requirement applies to public employees. Briggs v. Lawrence, 230 Cal. App. 3d 605, 613 (1991). Compliance with the Tort Claim Act is *not* simply a procedural requirement, nor is the matter one of an affirmative defense, but is a condition precedent to bringing suit, and is an "essential element of the plaintiff's cause of action." Shirk v. Vista United School, 42 Cal. 4th 201, 209 (2007). Rather than simply follow mandatory directions, plaintiff filed a pleading stating that he would rest on the First Amended Complaint. So be it. Nor will the filing of indecipherable parts of supposed compliance with the filing requirement substitute for the mandate that compliance be pled as part of the state cause of action.

Claims two and six (simply state law claims of violations of due process and cruel and unusual punishment mirroring the federal claims) should be dismissed with prejudice. Claims three and seven were previously universally dismissed as well.

*Statute of Limitations*

Within his first amended complaint, plaintiff alleges, as to defendant Roman, that he was involved in plaintiff's gang validation in 2003 and 2004 predicated on ten items originally submitted in 2000 in re-evaluations of which he "lacked knowledge ... until later 2004[] after-the-fact." First Amended Complaint (FAC), p. 15. As defendant Roman argues, plaintiff makes no allegation against him following this period. MTD (docket # 76-1), p. 4.

As the court has previously set forth:[6] "[a]ctions brought pursuant to 42 U.S.C. § 1983 are governed by the state statutes of limitations for personal injury actions." Morales v. City of Los Angeles Wilson v. Garcia, 214 F.3d 1151, 1154 (9th Cir. 2000), citing Wilson v.

---

[6] See docket # 75, pp. 10-11.

7

Garcia, 471 U.S. 261, 275, 105 S.Ct. 1938 [] (1985); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir.1999), cert. denied, 529 U.S. 1117, 120 S.Ct. 1979, [] (2000).  In California, there is a two-year statute of limitations in § 1983 cases.  See Cal. Civ. Proc. Code § 335.1; Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004)("[f]or actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions.").

"Federal courts also apply a forum state's law regarding tolling, including equitable tolling when not inconsistent with federal law. See Hardin v. Straub, 490 U.S. 536, 537-39, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989); Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir.1988)."  Fink v. Shedler, 192 F.3d at 914.

Pursuant to Cal. Civ. Proc. Code § 352.1(a), a prisoner serving a term of less than life is entitled to the two-year tolling provision before the commencement of the statute of limitations for bringing a civil rights action.  Fink v. Shedler, 192 F.3d 911 at 914.  As has been previously determined, plaintiff is entitled to the two-year statutory tolling.  See docket # 75, at p. 11.  No party takes issue with this determination.

Key to determining the timeliness of this claim is, of course, the date of claim accrual.  Notwithstanding, the application of the forum's state law regarding the statute of limitations, including statutory and equitable tolling, in the context of a § 1983 action, it is "federal law" which "governs when a claim accrues." Fink v. Shedler, 192 F.3d at 914, citing Elliott v. City of Union City, 25 F.3d 800, 801-02 (9th Cir.1994).  "A claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action." Id., citing Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir.1996); Johnson v. State of California, 207 F.3d 650, 653 (9th Cir. 2000) (accord), overruled on other grounds, Johnson v. California, 543 U.S. 499, 125 S. Ct. 1141 (2005).

\\\\\

\\\\\

Application of the mailbox rule shows, liberally construed, a June 19, 2009,[7] filing date. Nevertheless, if the claim accrued at any time in late 2004, even as late as December 31, 2004, the statute of limitations and the tolling statute would have run on plaintiff's claim against defendant Roman, on the face of it, by the end of 2008, rendering his June 19, 2009, filing as to defendant Roman untimely. Plaintiff, however, argues for tolling during the period when his claims as to this defendant were being administratively exhausted, contending that his administrative remedies were not exhausted until March 20, 2006. Opp., p. 2.[8] It is inarguable that a prisoner cannot proceed to federal court while exhausting his administrative remedies and that the Ninth Circuit has determined that the statute of limitations "must be tolled while a prisoner completes the mandatory exhaustion process" as required pursuant to 42 U.S.C. § 1997e(a). Brown v. Valoff, 422 F.3d 926, 942, 943 (9th Cir.2005), citing McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir.2002). Defendant Roman does not dispute that plaintiff is entitled to tolling for the period of administrative exhaustion, but contends that the administrative exhaustion process is subsumed within the two-year tolling period afforded by Cal. Civ. Proc. Code § 352.1(a). Reply (dkt # 88), p. 3.[9] Although the court agrees with the authority cited by the defendant,[10] it does not resolve the question, and, indeed, "[i]t is unsettled whether [the

---

[7] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009), holding that "the Houston mailbox rule applies to § 1983 complaints filed by *pro se* prisoners").

[8] Plaintiff attaches as Exhibit A to his opposition, a copy of a third level administrative appeal denial, dated March 20, 2006; however, this court does not consider this extraneous exhibit in order not to transmute this Rule 12(b)(6) motion into one for summary judgment under Rule 56. Swedberg v. Marotzke, 339 F.3d 1139, 1142 (9th Cir. 2003)( "a district court must take some affirmative action to effectuate conversion" of a 12(b)(6) motion into a summary judgment motion).

[9] Plaintiff's motion to strike a portion of the reply as raising a new issue in this regard is denied because defendants are correct that they simply respond to an argument raised by plaintiff in his opposition.

[10] See Reply, p. 3, citing Funtanilla v. Rubles, 2003 WL 21309491 * 6 (N.D. Cal. 2003) (addressing the question of whether the prisoner-plaintiff could benefit from the insanity tolling

administrative exhaustion] period of tolling should be subsumed in the two year statutory tolling period of Cal.Code § 352.1 or added as an additional period of tolling." Johnson v. Director of Corrections, 2007 WL 1241834 *1, n. 4 (E.D. Cal. 2007)[11]; id., 2008 WL 3374494 * 7, n. 5 (E.D. Cal. 2008).[12]

Moreover, the undersigned can find no authority which would legitimately distinguish principles of tolling of limitations periods in prisoner cases from tolling in any other type of litigation. That is, when two or more reasons for tolling exist, common sense requires the conclusion that those reasons will toll concurrently during the time they are both active, and are not tacked consecutively, one on top of another, to extend the limitations period. See Gutierrez v. Butler, 2008 WL 436948 (E.D. Cal. 2008) (finding time to exhaust administrative remedies to have coexisted with the two-year tolling for the disability of imprisonment but not to have extended the limitations period),[13] citing Rose v. Petaluma & S.R. Ry. Co., 64 Cal. App. at 217[14] (a limitations period may not be artificially extended by having one disability "tacked" onto another). If one's exhaustion of prison remedies starts and finishes totally within the two year tolling period, the exhaustion reason for tolling becomes irrelevant. In another example, if a prisoner's limitations period in an AEDPA context were equitably tolled because of mental

---

provision), quoting Rose v. Petaluma & Santa Rosa Ry. Co., 64 Cal. App. 213, 217 (Cal. App. 1923) disapproved on other grounds in Harris v. Industrial Acc. Comm. of Cal., 204 Cal. 432(Cal. 1928)( "it is a settled rule of construction that the exemption period cannot be extended by the connection of one disability with another; in other words, a succession of disabilities cannot be tacked upon the first disability so as to prevent the operation of the statute.").

[11] April 26, 2007 findings and recommendations adopted by Judge Levi's order, filed on May 21, 2007, in Case No. CIV-S-05-0298 JAM JFM P.

[12] August 8, 2008 findings and recommendations adopted by Judge Mendez in an order, filed on October 2, 2008 in Case No. CIV-S-05-0298 JAM JFM P.

[13] These February 14, 2008, findings and recommendations were adopted by Judge Karlton in an order, filed on Match 25, 2008, in Case No. CIV-S-06-2684 LKK EFB P, and the action was dismissed as untimely.

[14] See footnote 10.

1  illness for two years, the fact that the law library was unavailable for four months within that
2  period would be irrelevant to the tolling computation.

3    The undersigned is aware that <u>Burns v. DeCarr</u>, 2010 WL 744395 (S.D. Cal.
4  2010) came to the opposite conclusion with respect to a prisoner's PLRA lawsuit. However,
5  with due respect, the undersigned is unpersuaded by the reasoning of that case. <u>Burns</u> cites to a
6  California case for the unremarkable proposition that when one is seeking an alternative remedy,
7  the statute of limitations on the claim at issue is tolled during the pendency of seeking the
8  alternative remedy, and that the tolling period is "tacked onto" the end of the normal limitations
9  period. That is true, but the case, speaking generally to describe tolling, was discussing a
10 *singular* tolling event, not the situation here which is concerned with the situation presented by
11 multiple reasons for tolling occurring contemporaneously. <u>Burns</u> conclusion that there can be, in
12 effect, a "tolling of the tolling" occasioned by multiple tolling reasons is not supportable by a
13 reading of the California case.

14   Therefore, liberally construing plaintiff's claim in the first amended complaint as
15 having accrued at the end of 2004 (December 31, 2004) and applying the two-year statute of
16 limitations followed by the two-year tolling period (noting that plaintiff claims administrative
17 exhaustion by March 20, 2006), the claim against defendant Roman should have been filed by no
18 later than December 31, 2008. As noted, this case was filed on June 19, 2009, rendering
19 plaintiff's claim against defendant Roman untimely by 170 days or by some five and a half
20 months. The motion to dismiss defendant Roman as a defendant because plaintiff's claim
21 against him is time-barred should be granted with prejudice and this defendant dismissed from
22 this action.

23 <u>Plaintiff's Request for Service of Subpoenas/ Requests for Extending Discovery Deadline</u>
24   Plaintiff submits a subpoena he asks to be served upon the non-party Corcoran
25 Prison litigation coordinator seeking production of a number of documents from his own prison
26 file. <u>See</u> Docket # 99. Attached to the subpoena is plaintiff's specific request for documents,

originals and copies of classification chronos, a photograph, confidential memoranda and administrative appeals, evidently contained in plaintiff's prison file.

> [T]he court's authorization of a subpoena duces tecum requested by an in forma pauperis plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required, Federal Rule of Civil Procedure 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court," *Austin v. Winett*, 2008 WL 5213414, *1 (E.D.Cal.2008); 28 U.S.C. § 1915(d). Limitations include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. Fed.R.Civ.P. 26, 45. A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. See, e.g., *Davis v. Ramen*, 2010 WL 1948560, *1 (E.D.Cal.2010); *Williams v. Adams*, 2010 WL 148703, *1 (E.D.Cal.2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D.Pa.1991); see also, *United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364 (9th Cir.1982) (court may award costs of compliance with subpoena to non-party). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. *Badman,* 139 F.R.D. at 605.

<u>Alexander v. California Dept. of Corrections</u>, 2010 WL 5114931 * 3 (E.D. Cal. 2010).

In a separate filing, plaintiff states that nonparty Corcoran litigation coordinator Mary Kimbrell has failed to provide him with an enlarged copy of a photograph contained in his central file that plaintiff claims does not picture him but was wrongly used to validate him as a gangmember. <u>See</u> docket # 98. In all of his requests, it is unclear whether plaintiff has sought access to his central file through the appropriate channels or whether plaintiff has sought production of the documents he seeks, including the photograph, from a party within whose possession, custody or control his central prison file at least arguably resides, for example, from defendant Cate, rather than simply attempting to subpoena documents from a non-party.

The current discovery cut-off date is January 13, 2012. Because two of the defendants have not yet answered in light of their motion to dismiss that has been pending and has been addressed herein, and in light of plaintiff's requests to extend the discovery deadline

because, inter alia, of the number of defendants, the court will vacate the current deadlines in the Discovery and Scheduling Order, filed on September 28, 2011. Plaintiff should have an ample opportunity to seek production of the documents he seeks from a party. Therefore, due to the burden imposed on a nonparty absent sufficient evidence that plaintiff has no other recourse, the court will deny the request to serve the subpoena upon the Corcoran State Prison litigation coordinator at this time. The discovery deadline is extended until March 13, 2012. The dispositive motion deadline is extended until July 17, 2012.

Plaintiff also asks the court clerk to send him three blank signed subpoenas. The court will direct the court clerk to provide plaintiff with three signed subpoena forms.

Plaintiff's Motions for Appointment of Counsel/Request for Termination of Prison Employees

Plaintiff has made various and repeated requests for the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff in opposing a number of motions to dismiss has exhibited enough knowledge of his case and the relevant law such that counsel is not warranted. Moreover, plaintiff, has been unstinting in filing numerous motions and requests to bring the court's attention to his many grievances. Plaintiff's requests for the appointment of counsel will therefore be denied.

Within his requests for appointment of counsel, plaintiff includes complaints of having been obstructed in his efforts to gain access to his legal property, to be provided legal materials and supplies and to obtain copies of his discovery requests from the law library, appearing to name only nonparties as responsible. See docket # 101, # 107 and # 110. He asks that defendant Cate be directed to provide him access to his legal property five days a week at his

request. Docket # 107. Plaintiff also asks the court to order defendant Cate to fire several CSP-Corcoran nonparty employees, specifically, R. Mosier, J. Guzman and J. Gomez,[15] for having denied him copying services and/or adequate access to his legal property in violation of state prison regulations. Docket # 111 and # 112. Plaintiff's latest filing indicates that his discovery responses to defendants and a motion to compel which he handed over to be sent to the law library to be copied had not yet been returned to him and the five working days within which he alleges this was to have occurred have been exceeded and he asks that defendants be deemed to have waived their right to discovery responses. Docket # 118.

In opposition, defendants contend that plaintiff's requests should be denied because the court does not have jurisdiction to order much of the relief plaintiff requests, because granting the requests would permit plaintiff to circumvent the requirements of the PLRA[16] to first exhaust his administrative remedies and because the evidence demonstrates plaintiff has been fully capable of prosecuting his case. Docket # 119. On the question of jurisdiction, of course, defendants are informed that this court may invoke the All Writs Act with respect to non-parties if necessary.[17] Defendants take issue with plaintiff's request that the court order the firing of certain nonparty employees and this request is well-taken and will be denied as outside this court's jurisdiction. Defendants contend that if plaintiff seeks to pursue action against nonparties for obstructing his access to the courts, he should proceed in a separate action against them after

---

[15] It is unclear whether Gomez is a defendant. Plaintiff has named an A.B. Gomez as a defendant but identifies this individual as J. Gomez or, possibly, G. Gomez. See docket # 111, p. 1 & fn. 3.

[16] Prison Litigation Reform Act.

[17] The All Writs Act, 28 U.S.C. § 1651(a), permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United States v. New York Telephone Co., 434 U.S. 159 (1977). This section does not grant the court plenary power to act in any way it wishes; rather, the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

exhausting his administrative remedies. Defendants also maintain that plaintiff has been as prolific in propounding discovery requests upon them as in his filings in this action, averring that on October 17, 2011, defendants received four separate sets of requests for production totaling 12 pages and two separate sets of requests for admissions totaling 51 pages in length. Thereafter, according to defendants, on October 19, 2011, defendants received five sets of requests for admissions totaling 118 pages; on October 24, 2011, defendants received six more sets of requests for production of documents, totaling 14 pages, nine sets of interrogatories totaling 342 pages, and five more sets of requests for admissions totaling 282 pages in length. On October 31, 2011, defendants received six additional sets of requests for production 16 pages long, another set of interrogatories 38 pages in length, and three more sets of requests for admissions in the amount of 186 pages. Docket # 119, citing Declaration of Matthew Ross Wilson, one of defendants' attorneys ¶¶ 3 through 12. Although defendants indicate that they have filed a declaration by Kimbrel in support of their opposition to plaintiff's myriad requests, there is no such affidavit included in the opposition. However, defendants do correctly note that plaintiff has over the past several months been able to serve upon them documents totaling in excess of one thousand pages, which increases exponentially when considering the number of pages filed in this court. On the face of it, plaintiff, therefore, does not make a well-supported argument that he has been unfairly denied access to copying services. On the other hand, on this showing it is not clear that plaintiff has had his responses to defendants' discovery requests copied and returned to him and the court will require defendant Cate to ascertain to the court within fourteen days that this has been done. The court will otherwise deny plaintiff's requests at this time.

<u>Restriction on Motion-Filing by Plaintiff</u>

Plaintiff's excessive motion and request filings unfairly overburden a court that is nationally recognized as extraordinarily burdened by case filings. Plaintiff filed well over a dozen motions/requests within a three-month period, approaching an abuse of process. The undersigned will now impose a limit upon the number of requests or motions that he may have

1  pending until the court is able to address them.  Plaintiff may not have more than one motion or
2  request pending before the court, absent an emergency.  Any emergency request must constitute a
3  genuine urgent need and must be brought in good faith and be well-supported by affidavit and
4  supporting exhibits.

5        Accordingly, IT IS HEREBY ORDERED that:

6        1.   Plaintiff's motion to strike new matter raised in defendants Roman's and
7  Kissel's reply, filed on September 1, 2011 (docket # 90), is denied.

8        2.   Plaintiff's requests to extend the discovery deadline, filed on October 11, 2011
9  (docket # 97), and on October 31, 2011 (docket # 107) are granted, the deadlines in the
10 September 28, 2011 (docket # 96), Discovery and Scheduling Order are VACATED; the
11 discovery deadline is extended until March 13, 2012, and the dispositive motion deadline is
12 extended until July 17, 2012.

13       3.   Plaintiff's October 17, 2011 (docket # 99), motion to serve a non-party
14 subpoena is denied without prejudice to plaintiff's providing the requisite fee; plaintiff's request
15 for three signed blank subpoena forms, filed on October 17, 2011, is granted and the Clerk of the
16 Court is directed to include the forms for plaintiff with this order.

17       4.   Plaintiff's motions for appointment of counsel, filed on October 17, 2011
18 (docket # 98), October 18, 2011 (docket # 101), October 31, 2011 (docket # 107), November 9,
19 2011 (docket # 110), November 16, 2011(docket # 112), and on December 19, 2011 (docket #
20 118), are denied; also denied are his requests regarding access to the law library and legal
21 material, his legal property and for copies; however, defendant Cate must ascertain within
22 fourteen days that plaintiff's responses to defendants' discovery requests and his motion to
23 compel have been copied and returned to him.

24       5.   Plaintiff's motion for the court to order defendant Cate to terminate certain
25 CSP-Corcoran employees, filed on November 14, 2011 (docket # 111), is denied.

26 \\\\\

6. Plaintiff's "objections and formal complaint," filed on December 1, 2011 (docket # 114), seeking expedited rulings on what the court finds to be excessive motion filing is denied as moot.

7. Plaintiff's "notice of theft" of his legal documents by defendants, filed on December 19, 2011 (docket # 118), asking for defendants to be deemed to have waived their right to receive discovery responses is denied.

8. Plaintiff is hereby limited to the filing of one motion or request until the court reaches a ruling absent an emergency as set forth above.

IT IS RECOMMENDED that:

1. The motion to dismiss filed by defendants Roman and Kissel, on July 25, 2011, be granted and;

   a) plaintiff's claim against defendant Roman be dismissed as barred by the statute of limitations and defendant Roman be dismissed with prejudice from this action;

   b) claims two, three, six and seven be dismissed as to defendant Kissel.

2. With respect to claims two and six, three and seven, these claims be dismissed with prejudice as to all defendants.

3. This matter proceed as to the remaining fourteen defendants on claims one, four and five only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are

\\\\\

\\\\\

1  advised that failure to file objections within the specified time may waive the right to appeal the
2  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: January 9, 2010

   /s/ Gregory G. Hollows
   UNITED STATES MAGISTRATE JUDGE

6  GGH:009
   lope1760.ofr