IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW RICK LOPEZ,

    Plaintiff,                               No. CIV S-09-1760 MCE GGH P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.                  ORDER

_____/

        Plaintiff, a state prisoner who has been proceeding pro se, but is now represented by retained counsel as of April 9, 2012, seeks relief pursuant to 42 U.S.C. § 1983. By Order, filed on February 29, 2012, the January 10, 2012, Findings and Recommendations of the undersigned were adopted in full, and this matter proceeds now as to the fourteen defendants that remain on plaintiff's claims one, four and five only. See docket # 138.

        Pending before the court are a number of motions that plaintiff filed while proceeding pro se: 1) plaintiff's motion to compel discovery, sixth motion for appointment of counsel, motion for entry of default and motion for extension of time, all filed in one document, on January 3, 2012; to which defendants filed an opposition on January 20, 2012, after which plaintiff filed a reply on February 2, 2012; 2) plaintiff's motion for court-appointed experts, pursuant to Fed. R. Evid. 706, filed on January 12, 2012, to which defendants filed their

1

opposition on January 30, 2012; 3) plaintiff's motion for an extension of time to request discovery and to file pretrial motions, filed on February 27, 2012, to which defendants filed an opposition on March 12, 2012, after which plaintiff filed a reply on March 28, 2012; 4) plaintiff's motion for reconsideration, filed on March 15, 2012, which defendants opposed on April 2, 2012; 5) [proposed] second amended complaint, filed on March 15, 2012.[1]  In light of plaintiff's very recent representation by counsel, the court will vacate all of these motions brought by plaintiff pro se, but will do so without prejudice.  Counsel should review the pro se motions and re-notice them only if they should be re-noticed in good faith.

        Because plaintiff now has counsel, Local Rule 230(l) no longer applies to this action.  Plaintiff's counsel has filed a notice regarding the parties' intent to comply with Local Rule 251 with respect to plaintiff's motion to compel, filed on January 3, 2012 (and herein vacated), expressing his intent to meet and confer with defendants with regard to the disputed discovery responses and defendants' opposition to the motion.  See docket # 148.  In order to be in compliance with L.R. 251, however, counsel for plaintiff must notice the motion for hearing.  Current deadlines per the court's scheduling order, filed on January 10, 2012 (docket # 124), re-set the discovery cut-off date as March 13, 2012, and the dispositive motion filing deadline as July 17, 2012.  Because the court is now vacating, without prejudice, all pending motions that plaintiff filed pro se, the undersigned will extend the deadline for plaintiff's counsel to notice a motion to compel discovery for hearing until May 31, 2012.

\\\\\

\\\\\

---

[1] Plaintiff pro se filed multiple motions even though, by Order, filed on January 10, 2012, plaintiff, due to excessive and burdensome motion-filing in this case, was limited to the filing of one motion or request until such time as the court reached a ruling, absent an emergency, which was defined as constituting a genuine urgent need brought in good faith and well-supported by affidavit and supporting exhibits.  See docket # 124, pp. 16-17.  Thus, plaintiff as a pro se litigant clearly disregarded that order with respect to his motions filed after January 12, 2012 ( his January 12, 2012, request having been filed by application of the mailbox rule, on January 9, 2012).

Accordingly, IT IS HEREBY ORDERED that:

1. The motions filed by plaintiff while proceeding pro se, on January 3, 2012 (docket # 122), on January 12, 2012 (docket # 125), on February 27, 2012 (docket # 137), on March 15, 2012 (docket # 141), as well as the [proposed] second amended complaint, filed on March 15, 2012 (docket # 142), are hereby VACATED, without prejudice, from the court's calendar;

2. In light of plaintiff having newly retained counsel, the Local Rule 230(l) no longer applies to this action; instead, the remaining provisions of L.R. 230 are applicable; and

3. Plaintiff's counsel is granted an extension of time until May 31, 2012, to notice a motion to compel discovery for hearing on the court's calendar in accordance with L.R. 251(a); at this time the extended dispositive motion deadline of July 17, 2012 remains in effect. Following the meet-and-confer re: discovery disagreements pursuant to L.R. 251(b), should plaintiff remain dissatisfied, a Joint Statement re: Discovery Disagreement must be filed in accordance with L.R. 251(c), unless the exception at L.R. 251(e)(1) should apply.

DATED: April 13, 2012

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
lope1760.mtns

3