1

**WILLIAMS & ASSOCIATES**
1250 Sutterville Road, Ste. 290
Sacramento, CA  95822
(916) 456-1122
(916) 737-1126 (fax)

Kathleen J. Williams, CSB #127021
Matthew Ross Wilson, CSB #236309

Attorneys for defendants
CATE, WILLIAMS, PARK, GARCIA,
BERNA, CRONJEAGER, GOMEZ,
FLOREZ, McCLURE, BUECHNER, BURT,
FISCHER, RUFFand KISSEL

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW LOPEZ, | CASE NO: 2:09-cv-01760 MCE GGH P |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER REGARDING  DISCOVERY DOCUMENTS** |
| vs. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

This Protective Order is entered into by and between the plaintiff and the

defendants in this matter, by and through their respective counsel of record. The parties

hereby agree, and the Court hereby orders, that:

1.      Plaintiff has made discovery requests for documents regarding the

plaintiff's validation as a prison gang member. Those requests seek documents that

address investigations into prison gang activity and identify the sources of that

information. Such documents are maintained as confidential by the California

Department of Corrections and Rehabilitation (CDCR) and are not made available to

inmates due to the serious threat to the safety of inmates and staff that disclosure of

the information would present. The plaintiff has also requested documents pertaining to

the training of the defendants in the investigation of inmate involvement in gang activity

1    as well as the post orders regarding the defendants' work assignments that involve the

2    investigation of gang activity. Such documents are maintained as confidential by the

3    CDCR, and are not made available to inmates, because they contain information that

4    would be invaluable to inmates seeking to engage in gang activity without being

5    detected. Lastly, the plaintiff has requested production of inmate appeal records

6    regarding the defendants and their involvement in the investigation and validation of

7    inmates as gang members. These inmate appeal records, involving inmates who are

8    not parties to this lawsuit, implicate both the privacy concerns of those inmates and

9    potentially endanger their safety as they could make reference to confidential

10   information or identify those inmates as gang members. Due to these concerns, the

11   parties have agreed to this protective order.

12          2.    Subject to, and without waiving any objections any party may have as to

13   the discoverability or admissibility of any of these documents, the defendants

14   will produce the following documents subject to the remainder of this stipulation:

15          a.    Notice of Critical Information Confidential Enemies form regarding

16                Lopez.

17          b.    Memorandum dated June 8, 2006, to Captain Field from CO

18                Garcia, regarding safety concerns of an inmate.

19          c.    Memorandum dated December 28, 1999, to Captain Peterson from

20                Institutional Gang Investigator Johnson, regarding debriefing of

21                inmate.

22          d.    Memorandum dated June 8, 2000, to Chief Deputy Warden

23                Runnels from Institutional Gang Investigator Johnson, regarding

24                debriefing of inmate.

25          e.    Memorandum dated July 22, 1997, to Captain Smith from CO King,

26                regarding debriefing of inmate.

27          f.    Documents regarding training of defendants in the investigation,

28

1    identification, validation, monitoring and/or tracking of a prisoner as

2    an active or inactive gang member.

3    g.    Staff complaints filed against the defendants regarding their

4    involvement in the investigation, identification, validation,

5    monitoring and/or tracking of a prisoner as an active or inactive

6    gang member.

7    h.    CDCR Special Services Unit file regarding Lopez, containing the

8    gang validation packets concerning Lopez.

9    i.    Post Order acknowledgments signed by the defendants which

10   relate to their involvement in the investigation, identification,

11   validation, monitoring and/or tracking of a prisoner as an active or

12   inactive gang member.

13   3.    The documents and contents of the documents described above shall be

14   used only in connection with this action, shall not be disclosed to any person other than

15   the individuals set forth below and may be disclosed only as necessary in connection

16   with this action:

17   a.    Plaintiff's counsel and employees, and anyone retained to assist

18   the plaintiffs in the preparation for trial of this action.

19   b.    The defendants, defendants' counsel and employees, and anyone

20   retained to assist the defendants in the preparation for trial of this

21   action.

22   c.    Experts or consultants retained by a party solely to assist in

23   preparation for trial of this action.

24   d.    The Court.

25   4.    The above documents will not be disclosed to the plaintiff LOPEZ.

26   5.    Each document produced pursuant to this stipulation will be stamped

27   "confidential".

28

6. No copies, extracts, or summaries of any of the above documents shall be made except by or on behalf of counsel of record. Such copies, extracts, or summaries shall also be maintained as described herein.

7. During depositions, counsel of record may question any witness about the above documents. Any of the above documents so referred to may be marked as an exhibit, but none of the above documents, or any portion thereof, shall be attached to any publicly-available deposition or other transcript. Portions of deposition transcripts in which the above documents are discussed, and any exhibits consisting of the above documents, shall be bound under seal separately from the remaining portions of the transcript.

8. The parties acknowledge that this stipulated protective order does not entitle them to file these confidential documents under seal. Local Rules 141 and 141.1 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party seeking to file any of the above documents with the court, or any document disclosing the substance of the above documents, must first file with the court a motion to seal the documents. The documents will not be filed with the court until the court has ruled on the motion to seal the documents.

9. This protective order is not intended to govern at trial. The parties will cooperate in establishing procedures acceptable to the Court with respect to the protection of the above documents at any trial and upon any appeal of this case.

10. Within ninety (90) days after receiving notice of the entry of an order, judgment or decree terminating this action, and after the conclusion of any appeals, all persons having received the documentation described above shall either destroy that documentation or return such material and all copies of it to counsel for the party who produced it. Counsel for each party shall also destroy all extracts or summaries of the above documents or destroy the documents containing the extracts or summaries.

11.     The Clerk of the Court shall, upon request of a party that produced any of the above documents, return to such party all documents and things containing or referring to the above documents that were filed under seal pursuant to this protective order. As to those documents or things containing such information which cannot be returned, they shall continue to be kept under seal and shall not be examined by any person without prior Court order issued after notice to all parties, or a written stipulation of counsel for all parties.

12.     Nothing contained in the protective order shall preclude any party from seeking or obtaining, upon an appropriate showing, additional protection with respect to any document, information or other discovery material or trade secrets. Nothing contained herein relieves any party of its obligation to respond to discovery properly initiated pursuant to the Federal Rules of Civil Procedure.

13.     The Court may modify this protective order at any time or consider any dispute which may arise hereunder upon motion of any party.

14.     This protective order shall remain in effect for the duration of this action unless terminated by stipulation or by Court order. Insofar as they restrict the

//

//

//

//

//

//

//

//

//

//

//

disclosure, treatment, or use of information subject to this protective order, the provisions of this protective order shall continue to be binding after the termination of this action, unless the Court orders otherwise.

Dated: November 19, 2012

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

lope1760.po

Proposed By:

Dated: October 29, 2012

By: */s/Robert Navarro*

ROBERT NAVARRO

Attorney for Plaintiff Lopez

Dated: October 29, 2012       WILLIAMS & ASSOCIATES

By: */s/Matthew Ross Wilson*

MATTHEW ROSS WILSON, CSB #236309

Attorneys for defendants CATE, WILLIAMS, PARK, GARCIA, BERNA, CRONJEAGER, GOMEZ, FLOREZ, McCLURE, BUECHNER, BURT, FISCHER, RUFF, ROMAN, and KISSEL