ROBERT NAVARRO
Attorney at Law
State Bar No. 128461
1295 North Wishon Avenue
Suite 3
Fresno, California 93728
TEL: 559.497.5341    FAX: 559.497.5471
robrojo@att.net

Attorney for Andrew Rick Lopez

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA,

SACRAMENTO DIVISION

| | |
|---|---|
| ANDREW RICK LOPEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>            Defendants. | No. 2:09-cv-01760 MCE AC P<br><br>**STIPULATION AND ORDER REGARDING PROTOCOL FOR CONTACTING SOURCES A**N**D WITNESSES IDENTIFIED IN CONFIDENTIAL MEMORANDA** |

   Plaintiff, through his counsel, Robert Navarro, and each of the defendants through their counsel, Matthew Ross Wilson, hereby stipulate to the following protocol for contacting of inmate sources and witnesses identified in the production of the confidential portion of plaintiff Andrew Lopez's C-file.

In this 42 U.S.C. § 1982 action based on claims of multiple violations of due process and on the merits, Plaintiff Andrew Lopez challenges his gang validation determinations and the resulting 12 year placement in the segregated housing unit at Corcoran State Prison. Defendants have denied each of the claims.

Previously, the parties met and conferred on matters of discovery and subsequently on October 26, 2012, the parties appeared before Magistrate Judge Gregory G. Hollows on a stipulated statement regarding discovery disputes. (See Doc. # 159.) Defendants did not dispute the production of the confidential portion of plaintiff's C-file as it related to his gang validation determinations from 2000 to 2009, however, production was conditioned on an "eyes only" protective order over the material produced. Additionally, at the hearing Judge Hollows, on his own motion, found that a protocol should be established before plaintiffs' counsel or his agents contact any in-custody inmates revealed by the confidential documents. Judge Hollows stated that inmates might have concerns for their safety if it became known that they had provided confidential information or were named as witnesses in confidential memoranda on the issue of another inmate's alleged gang association.

The parties agreed on a protective order which was submitted to Magistrate Judge Hollows and approved by him on November 19, 2012. (Doc. # 164.) On the same day, the case was transferred to Magistrate Judge Allison Claire. (Doc. # 165.) Thereafter, defense counsel produced the confidential documents on November 21, 2012.

Defense counsel has identified several inmates that should be interviewed related to the gang allegations prior the preparation of any dispositive motions in this case.  In other prison civil rights litigation, plaintiff's counsel has participated in a protocol for the contacting of potential inmate witnesses regarding medical and staff conduct issues.  In that case, plaintiffs' counsel provided the Magistrate Judge with the names and contact information of the inmates they wished to interview.  The Court corresponded with the inmates and relayed the request and instructed the inmates to reply and inform the court whether they approved or declined the plaintiffs' counsels' request.  Once the return information was received by the court, plaintiffs' counsel was informed of the witnesses' decisions.

The parties herein, including consultation with the California Department of Corrections and Rehabilitation, agree that a similar procedure should be used here.

The proposed protocol requires that plaintiff's counsel provide this Court with the names and contact information of the inmates identified for interviews. Plaintiffs' counsel would provide the Court with suggested language for the contact letter which would inform the inmate of the nature of, and the parties involved in, the instant litigation. Further, the potential witness would be informed that counsel for Mr. Lopez was requesting permission for a meeting and interview, and that the witness' name was included in documents produced under a court approved protective order  which prohibited any disclosure of the contents of the confidential memoranda to Mr. Lopez or any other inmate at any time. The letter would provide a return letter and envelope allowing the inmate to indicate whether he approved or

Stipulation re Protocol for Contacting Witnesses Identified in Confidential Memoranda;
*Lopez v. Schwarzenegger*, 2:09-cv-01760 MCE GGH P                                                                                  3

declined being contacted by plaintiff's counsel or his agent.

The parties having stipulated to use of the above procedure, respectfully request this Court's approval of the protocol and/or a hearing in which the court and the parties could establish a mutually acceptable procedure.

Dated: December 18, 2012

> */s/Robert Navarro*
> ROBERT NAVARRO
> Attorney for Plaintiff

Dated: December 18, 2012

> */s/Matthew Ross Wilson*
> MATTHEW ROSS WILSON
> Attorney for Defendants

### [PROPOSED] ORDER

Based on the foregoing and good cause appearing, the Court approves the protocol set forth in the parties' stipulation.

Dated: December 20, 2012.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

lope1760.stip

Stipulation re Protocol for Contacting Witnesses Identified in Confidential Memoranda;
*Lopez v. Schwarzenegger*, 2:09-cv-01760 MCE GGH P                                                                 4