UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>SUSAN COOK et al.,<br><br>    Defendants. | Civ. No. S-03-1605 KJM DAD |
| ANDREW RICK LOPEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | Civ. No. S-09-1760 MCE AC<br><br>ORDER |

This case was on calendar on January 31, 2014 for hearing on plaintiff's motion to consolidate the above-captioned cases. Robert Navarro and Katera Rutledge appeared for plaintiff; Diana Esquivel, Deputy Attorney General, appeared for defendants in Civ. No. S-03-1605; Matthew Wilson appeared for defendants in Civ. No. S-09-1760. After considering the parties' arguments, the court DENIES the motion.

/////

1

# I. BACKGROUND

### A. *Lopez v. Cook*, 03-1605

After lengthy proceedings, this case proceeded to trial in April 2011 on the following claims: 1) Cook and Garate retaliated against plaintiff's exercise of his First Amendment rights to file grievances and engage in legal activities by placing and retaining plaintiff in administrative segregation; 2) Bartos retaliated against plaintiff for his exercise of First Amendment rights to file grievances and engage in legal activities by allegedly saying in front of other inmates that plaintiff "ratted" on officers; and 3) Babich, Cook, Garate, Gilliam, Johnson, McClure, Shaver and Vanderville violated plaintiff's right to procedural due process in connection with his placement and retention in administrative segregation and his validation as a gang member in 2000 at High Desert State Prison (HDSP). The jury returned its verdict on April 8, 2011, finding for defendants on all of plaintiff's claims. ECF No. 301. On June 22, 2011, this court denied plaintiff's renewed motion for judgment as a matter of law. ECF No. 319.

Plaintiff appealed and on July 17, 2013, the Ninth Circuit affirmed in part and reversed in part. ECF No. 345. Specifically, the Court of Appeals said this court erred in dismissing defendant Harrison from plaintiff's due process claim and because this error infected the jury's verdict on that claim, the court reversed the verdict for defendants Babich, Cook, Garate, Gilliam, Holmes, James, Martinez, McClure, Shaver and Vanderville. *Id*. at 3-4. The Court of Appeals also reversed the judgment on plaintiff's retaliation claim against defendant Bartos. *Id*.[1]

### B. *Lopez v. Schwarzenegger*, 09-1760

Although the complaint in this case was comprised of seven claims, after screening and several motions to dismiss, it is proceeding on three claims: (1) violation of due process stemming from defendants' alleged failure to give plaintiff the opportunity to be heard in connection with gang validation and revalidation beginning in 2003 and continuing in 2005,

---

[1] The court granted summary judgment on plaintiff's claim that his validation as a gang member was not supported by the requisite evidence. ECF No. 178 at 43-45; ECF No. 184. The Court of Appeals did not reverse this determination.

2007, 2008 and 2009 and their placing and retaining plaintiff in the Security Housing Unit ("SHU") at California State Prison-Corcoran (CSP-Corcoran), and from defendants' use of allegedly inadequate and/or fraudulent supporting evidence to support the validations; (2) retaliation for exercise of First Amendment rights to pursue grievances and lawsuits; and (3) an Eighth Amendment violation.  All claims are against defendants Berna, Cate, Cronjeager, Fischer, Florez, Garcia, Gomez, Kissel, McClure, Park, Ruff and Williams.  ECF Nos. 17, 19, 20, 124, 138.

The current deadline for filing dispositive motions has been vacated pending resolution of the instant motion.  ECF No. 198.

II.  STANDARD

Under Rule 42 of the Federal Rules of Civil Procedure, a court may consolidate actions when they involve "common questions of law or fact."  The decision whether to consolidate is within the court's discretion.  *Investors Research Co. v. U.S. Dist. Court*, 877 F.2d 777 (9th Cir. 1989).  In determining whether to consolidate, the court should consider the interests of judicial convenience against the potential for delay, confusion and prejudice. *Rainwater v. McGinniss*, No. CIV S-10-1727 GGH P, 2011 WL 5041233, at *1 (E.D. Cal. Oct. 24, 2011).  The court may also consider "'the risk of inconsistent adjudications of common factual and legal issues.'"  *Ellison Framing Inc. v. Zurich Am. Ins. Co*, Nos. Civ. S-11-0122 LKK/DAD, Civ. S-13-1761 JAM/AC, 2013 WL 6499058, at *3 (E.D. Cal. Dec. 11, 2013) (quoting *Arnold v. E. Air Lines, Inc*., 681 F.2d 186, 193 (4th Cir. 1982)).  It is the moving party's burden to demonstrate the propriety of consolidation.  *Id*.

III.  ANALYSIS

Plaintiff argues that the 2000 validation, "the most critical of all of plaintiff's serial validations" is at issue in both cases and so consolidation and resolution of the challenge to the 2000 validation might "obviate much of the remaining litigation."  ECF No. 351 at 6.  He continues that because there was no evidence in the *Cook* trial that anyone met with plaintiff before the 2000 validation and because the 2000 validation is challenged on the same due process grounds in *Schwarzenegger*, there is no impediment to consolidation.  *Id*. at 8.  He also argues

that bifurcation would be appropriate, with the challenge to the 2000 validation heard first, which would obviate any prejudice to defendants. *Id*.

Both sets of defendants oppose the consolidation. The *Cook* defendants argue that there is no challenge to the 2000 validation in the *Schwarzenegger* case, so there are no overlapping facts or defendants. They also argue there are no common issues of law as the regulations for gang validation have been amended. ECF No. 359.

The *Schwarzenegger* defendants raise similar arguments and also argue the different procedural postures of the two cases undercuts any argument based on judicial efficiency. ECF No. 199.

In reply plaintiff contends the implementation of his proposal to streamline the two cases by reducing both the claims and the number of defendants would precede any dispositive motions or trial and so would serve judicial economy. He also argues that despite the change in regulations, the due process requirements for gang validation—prior notice and an opportunity to address the critical decisionmaker—have not changed. ECF No. 360 at 3; *see Madrid v. Gomez*, 889 F. Supp. 1146, 1155 (N.D. Cal. 1995). He continues that a lack of notice and opportunity to address the decisionmaker forms the basis of his challenges to the 2000, 2003 and 2005 validations.

Two days before hearing, plaintiff emailed a letter containing a list of "additional citations on which he wishes to rely" to the courtroom deputy and to defense counsel.[2] The first of the additional citations is to Rule 15(d) of the Federal Rules of Civil Procedure, while others are to cases discussing the rule. At argument, plaintiff's counsel said that in the *Schwarzenegger* case, plaintiff, then acting in pro per, informed the court that litigation was a supplemental pleading to *Cook*; from this counsel then argues the standards for approving supplemental pleadings under Rule 15(d) should control the resolution of the instant motion.

The court declines to consider this argument. First, if it "need not consider arguments raised for the first time in a reply brief," *Zamani v. Carnes*, 491 F.3d 990, 997 (2007),

---

[2] The courtroom deputy is making arrangements to add the e-mailed letter to the docket.

4

1  it certainly need not consider arguments raised for the first time in a letter counsel did not file on
2  the court's docket.  Second, plaintiff has not explained how a footnote in plaintiff's pro per
3  opposition to a motion to dismiss, in which plaintiff muses he did "not know how to combine the
4  cases, although I think they should be," changes the standard to be applied in evaluating the
5  instant motion for consolidation.  *Schwarzenegger* docket, ECF No. 48 at 2 n.2.

6          Plaintiff is correct, however, that the amended regulations do not change the due
7  process concerns raised in both cases.

8          At the same time, as defendants argue, the 2000 validation is not at issue in the
9  *Schwarzenegger* case.  Although plaintiff discusses the 2000 validation as background to the
10  *Schwarzenegger* complaint, he does not challenge it nor could he, as none of the defendants in
11  that case was involved in the 2000 validation.  *See, e.g., Schwarzenegger* docket, ECF No. 20 at
12  4-6 (recognizing plaintiff included "his incarceration history," including the 2000 validation as
13  backdrop to the claims about the 2003 and subsequent validations).  There is thus no danger of
14  inconsistent adjudications of the same factual or legal issues.

15          There are other reasons for denying the motion to consolidate.  First, plaintiff has
16  not explained how a finding of procedural due process violations during 2000 has any conclusive
17  impact on his right to due process in 2003 and 2005, particularly as the latter claim relies on the
18  sufficiency of the evidence as well as the right to be heard.  Even though the 2000 validation may
19  have played a role in the subsequent validations, plaintiff has not shown that any error in the 2000
20  validation would necessarily discredit the later validations.

21          Second, as noted, plaintiff's due process claim in the *Schwarzenegger* litigation
22  challenges not only the alleged denial of prior notice and opportunity to be heard, but also the
23  sufficiency and validity of the evidence supporting those validations, issues not present in the
24  *Cook* litigation.  Consolidation would thus not necessarily accomplish judicial efficiency.

25          Third, even though plaintiff's counsel has said he plans to dismiss claims and
26  defendants from each case so as to streamline the litigation, he has not provided any concrete
27  proposal to effect dismissals.  Accordingly, the court cannot determine whether any changes in
28  each case would support consolidation to achieve judicial efficiency.  Given the current state of

the record, the different issues, time periods and defendants in the two cases weigh against consolidation.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion to consolidate in *Lopez v. Cook*, Civ. No. S-03-1605 KJM DAD, ECF No. 351, is denied without prejudice;

2. The Clerk of the Court is directed to file a copy of this order in *Lopez v. Schwarzenegger*, Civ. No. S-09-1760 MCE AC; and

3. A status conference is set for April 17, 2014 at 2:30 p.m. in *Lopez v. Cook*, Civ. No. S-03-1605 KJM DAD.

Dated: March 14, 2014.

_____
UNITED STATES DISTRICT JUDGE