ROBERT NAVARRO
Attorney at Law
State Bar No. 128461
1295 North Wishon Avenue, Suite 3
Fresno, California 93728
TEL: 559.497.5341   FAX: 559.497.5471
robrojo@att.net

Attorney for Andrew Rick Lopez

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA,

SACRAMENTO DIVISION

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>                     Plaintiff,<br><br>            v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>                     Defendants. | No. 2:09-cv-01760 MCE AC P<br><br>**STIPULATION AND [P̶R̶O̶P̶O̶S̶E̶D̶] ORDER RE EXTENSION OF TIME TO FILE DISPOSITIVE MOTIONS FILING DEADLINE** |

      Under Federal Rules of Civil Procedure 16(b)(4) and Local Rule 143, the parties, through their counsel of record, agree to and request a continuance of the deadline for filing the parties' dispositive motions from November 6, 2014, to Janury 15, 2015.  Good cause exists to grant this stipulation because plaintiff's counsel has been fully occupied in plaintiff's predecessor case, *Lopez v. Cook*, 2:03-cv-01605, in which plaintiff voluntarily dismissed six defendants and a cause of action (see Docs. 384 & 385, 2:03-cv-01605), and has subsequently filed cross-motions for summary judgment and oppositions (see Docs. 392 & 393, 397 & 398) and will be filing replies October 24, with a motion's hearing date of November 7, 2014.  In addition counsel, for the last year and on a continuing basis, has had significant responsibilities in two ongoing family medical issues.

      A scheduling order may be modified only upon a showing of good cause and

1  by leave of Court. Fed.R.Civ.P. 6(b)(1)(A), 16(b)(4); see, e.g., *Johnson v.*
2  *Mammoth Recreations*, 975 F.2d 604, 609 (1992),(describing the factors a court
3  should consider in ruling on such a motion).  In considering whether a party moving
4  for a schedule modification has good cause, the Court primarily focuses on the
5  diligence of the party seeking the modification. *Johnson*, 975 F.2d at 609 (citing
6  Fed.R.Civ.P. 16 advisory committee's notes of 1983 amendment). "The district
7  court may modify the pretrial schedule 'if it cannot reasonably be met despite the
8  diligence of the party seeking the amendment.'" *Id.* (quoting Fed.R.Civ.P. 16
9  advisory committee notes of 1983 amendment).

10  As noted, in *Lopez v. Cook* the parties are fully engaged in the process of
11  litigating cross motions for summary judgment.  Plaintiff has streamlined the action
12  by voluntarily dismissing six defendants who were not clearly liable under plaintiff's
13  core claim of Fourteenth Amendment due process violations related to his 2000
14  gang validation.  In the instant case, plaintiff has alleged violations of due process
15  of related to gang validations which occurred in 2003 and 2005.  Both those
16  validations were premised on the same gang validation sources as 2000 and on the
17  presumption that the 2000 validation was constitutionally valid.  If the court in *Cook*
18  rules that the 2000 validation was obtained in violation of plaintiff's clearly
19  established due process rights of notice and an opportunity to be heard, the
20  decision could have significant impact on the pending claims in this case.

21  For that reason, the parties believe that moving the preparation and filing of
22  the dispositive motions here to a later date when the impact of the *Cook* summary
23  judgment outcome can be known and the motions drafted with those consequences
24  in mind would best serve judicial economy.

25  Secondly, plaintiff's counsel's best friend, Thomas Quinn, last year and early
26  this year underwent treatment for parotid (salivary) gland cancer, and counsel was
27  an integral part of his support team.  His assisted during Mr. Quinn's surgery, and
28  radiation and chemotherapy treatments, which consumed approximately five

1 months. He was found clear of cancer in February of this year, but it has recently
2 returned and counsel has again assisted him in a similar course of treatment as last
3 year, including numerous instances out of town travel for consultations and tests.
4 In the last m days, Mr. Quinn was diagnosed as having an aggressive recurrence

5     Further, counsel is the power of attorney and medical advocate for a family
6 member, Susan Richardson, who has been undergoing cancer treatment since the
7 Summery of 2014 for stage four ovarian cancer. In August, Ms. Richardson was
8 transferred to Sierra Medical Center in El Paso, Texas, and was in a coma for
9 several days. Counsel flew to El Paso and spent five days to attend to her
10 situation. Fortunately, Ms. Richardson improved and was returned to a nursing
11 facility in New Mexico and is undergoing further recuperation in advance of
12 additional cancer treatment. Counsel's role as power of attorney has additionally
13 required considerable time managing financial matters.

14     For the court's consideration, plaintiff's counsel has attached letters from
15 some of the medical providers in the above matters.

16     For these reasons, the parties request that the parties' dispositive motions
17 filing deadline be continued to January 15, 201, or later.  In addition to the
18 outcome of the *Cook* summary judgments, plaintiff's counsel would like time prior
19 to the preparation of dispositive motions to "streamline" plaintiff's case as was
20 done in *Cook*.  In the alternative, the parties request that the dispositive motions
21 deadline be vacated and the matter be set for a status conference after the rulings
22 on the pending motions are issued in *Lopez v. Cook*, 2:03-cv-01605.

23     IT IS SO STIPULATED.

24 Dated:     October 20, 2014

25

26                         */s/ Robert Navarro*
                        ROBERT NAVARRO
27                         Attorneys for Andrew Rick Lopez

28

Dated: September 20, 2014                    WILLIAMS & ASSOCIATES


*/s/Matthew Ross Wilson*
MATTHEW ROSS WILSON
Attorneys for Defendants

**ORDER**

Based on the parties' stipulation and good cause appearing, it is ordered that:

The dispositive motion filing deadline of November 6, 2014, is continued to January 15, 2015.  **No further extensions.**

IT IS SO ORDERED.

Dated: November 5, 2014

_____
HON. ALLISON CLAIRE
U.S. MAGISTRATE JUDGE